*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KYLE ANDREW PENDERGRASS,

Defendant-Appellant.

FOR PUBLICATION
August 24, 2023
9:00 a.m.

No. 362218
Monroe Circuit Court
LC No. 21-246332-FC

Before: O'BRIEN, P.J., and CAVANAGH and MARKEY, JJ.

MARKEY, J.

Defendant pleaded *nolo contendere* to one count each of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f), second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a), and accosting a child for immoral purposes, MCL 750.145a. In exchange for the plea, the prosecutor dismissed additional CSC charges. The trial court sentenced defendant to various terms of imprisonment for the convictions. The court, however, failed to order lifetime electronic monitoring (LEM) when imposing sentence and in entering the judgment of sentence (JOS) even though it was mandatory because of the CSC-I conviction, MCL 750.520b(2)(d), and the CSC-II conviction that involved sexual contact with a child under 13 years of age by a defendant who was 17 years old or older, MCL 750.520c(2)(b); MCL 750.520n(1). About one month later, the trial court amended the JOS sua sponte to add the LEM requirement. After a hearing on the matter conducted several months later on defendant's motion, the court, while acknowledging error by amending the JOS without giving the parties an opportunity to be heard, simply ordered resentencing and declined to reinstate the original JOS. Defendant appeals by leave granted.[1] We affirm.

At defendant's plea hearing on October 8, 2021, the trial court informed defendant that his plea agreement required LEM. Neither the written plea agreement nor the presentence investigation report mentioned LEM. At the sentencing hearing on December 16, 2021, the trial court said nothing about LEM when imposing sentence. The original JOS was entered on

---

[1] *People v Pendergrass*, unpublished order of the Court of Appeals, entered August 17, 2022 (Docket No. 362218).

December 17, 2021, but a box on the document that is to be checked if LEM was ordered was not checked. Nowhere in the original JOS was it indicated that LEM was required or ordered. On January 10, 2022, the trial court received a letter from the Michigan Department of Corrections (MDOC), advising that LEM should have been ordered under state law. The MDOC referred the matter to the trial court for further review. The MDOC stated that if LEM should have been imposed as part of defendant's sentence and the court did not advise defendant of LEM at sentencing, "resentencing may be necessary." Instead, on January 13, 2022, the trial court, acting sua sponte and without giving the parties an opportunity to be heard, entered an amended judgment of sentence that provided for LEM.[2]

On June 17, 2022, six months after the trial court entered the original JOS, defendant moved to correct an alleged invalid sentence. Defendant asked the trial court to vacate the amended JOS and reinstate the original JOS because the court had failed to provide defendant an opportunity to be heard before the amendment. The prosecution filed a response, arguing that the court simply remedied a clerical error by adding the LEM requirement and that defendant incurred no prejudice because he had been fully apprised of LEM at the plea hearing. But the prosecution also expressed that it would not object to defendant's being resentenced so as to allow full compliance with the court rules. On July 8, 2022, the court held a hearing on defendant's motion. The trial court agreed that it had not properly amended the JOS when it acted sua sponte and without hearing from the parties. The court determined, however, that the appropriate remedy was resentencing and not "entering another invalid sentence." The trial court entered an order granting resentencing, denying reinstatement of the original JOS, and setting a hearing date for resentencing on August 25, 2022. On August 8, 2022, the trial court issued an order denying a motion that defendant had filed seeking to stay resentencing pending appeal. Upon defendant's application for leave to appeal, this Court granted leave on August 17, 2022. *Pendergrass*, unpub order. This Court likewise granted defendant's affiliated motion for stay. *Id.*

On appeal, defendant argues that under *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017), the correct remedy for the trial court's violation of MCR 6.429(A) is reinstatement of the original JOS without including an LEM requirement. "The proper interpretation and application of . . . court rules is a question of law, which this Court reviews de novo." *Comer*, 500 Mich at 287. "De novo review means that we do not extend any deference to the trial court." *In re Ott*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 362073); slip op at 6. "This Court construes court rules using the same principles that apply to the interpretation of statutory provisions." *Id.* at ___; slip op at 7. We construe the court rules to effectuate the intent of the Michigan Supreme Court because it drafted the court rules. *Id.* "Language contained in a court rule that is clear and unambiguous must be given its plain meaning and is enforced as written." *Id.*

In this case, we must examine MCR 6.429 and MCR 6.435. MCR 6.435 provides in relevant part:

> (A) **Clerical Mistakes.** Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected

---

[2] We note that the box for LEM remained unchecked, but the trial court did enter language requiring LEM.

by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

> (B) **Substantive Mistakes.** After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

We first conclude that the failure of the trial court to include the LEM requirement in the original JOS was not a clerical error. In *Comer*, 500 Mich at 283, our Supreme Court held that the defendant's sentence was invalid because the trial court failed to impose LEM as required by statute. The *Comer* Court examined MCR 6.435, stating and ruling:

> But the parties do not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake. Nor could they—the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing. Instead, as the parties recognize, the failure to impose lifetime electronic monitoring was a substantive mistake, which is the province of MCR 6.435(B). [*Id.* at 293.[3]]

The Supreme Court recognized, however, that a "court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment." *Id.* at 294. Accordingly, the trial court in the instant case did not have the authority under MCR 6.435(B) to amend the JOS because the original JOS had already been entered.

MCR 6.429, which specifically concerns the correction and appeal of a sentence imposed in a criminal case, provides, in pertinent part:

> (A) **Authority to Modify Sentence.** The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

When *Comer* was decided, MCR 6.429(A) provided:

> (A) **Authority to Modify Sentence.** A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law. [See *Comer*, 500 Mich at 294.]

The Supreme Court in *Comer*, *id.* at 297, held that MCR 6.429, as it previously read, authorized parties to seek correction of an invalid sentence through motion practice, but it did not

---

[3] The prosecution's assertion that the error was clerical because the court mentioned LEM at the plea hearing is wholly lacking in merit and unsupported by authority; the plea hearing did not entail any aspect of actually sentencing defendant. A JOS reflects a court's determinations at the sentencing hearing.

authorize a trial court to correct an invalid sentence sua sponte. Our Supreme Court ultimately ruled:

> We . . . hold that under MCR 6.435 and MCR 6.429, a trial court may not correct an invalid sentence on its own initiative after entry of the judgment; the court may only do so upon the proper motion of a party. Because neither party moved to correct defendant's sentence, the trial court erred by adding lifetime electronic monitoring to defendant's sentence on its own initiative 19 months after the original sentence was imposed. [*Id.* at 300-301.]

The opinion in *Comer* motivated the Supreme Court to amend the language in MCR 6.429(A). See Staff Comment to September 1, 2018 amendment of MCR 6.429. MCR 6.429(A) now authorizes a trial court to act sua sponte to correct an invalid sentence but only after the court has given the parties an opportunity to be heard and only if the court does so "within 6 months of the entry of the judgment of conviction and sentence." In this case, the trial court corrected the invalid original JOS within the six-month period; however, the parties had not been given an opportunity to be heard on the matter before the JOS was corrected. And by the time the trial court gave the parties an opportunity to be heard, the six-month period had elapsed. Therefore, the trial court acted in violation of MCR 6.429(A).

Nevertheless, reversal is unwarranted. We first note that we find it a bit "troubling" that although the corrected JOS was entered on January 13, 2022, defendant did not move to correct an invalid sentence and call the issue to the court's attention until exactly six months after entry of the original JOS (December 17, 2021 – June 17, 2021), effectively establishing noncompliance with MCR 6.429(A) and making it impossible for the court to correct its error. That said, we hold that the trial court's error was harmless and that no prejudice was incurred because had the court given the parties, and particularly defendant, a timely opportunity to be heard, there is nothing defendant could have argued to avoid the mandatory LEM. In fact, defendant concedes that he was subject to LEM. See MCR 2.613(A) ("An error in . . . a ruling or order, or an error or defect in anything done or omitted by the court . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."); MCR 6.001(D) (the rules of civil procedure generally apply to criminal cases); MCL 769.26 ("No judgment or verdict shall be set aside or reversed . . . by any court of this state in any criminal case . . . for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."); *People v Elston*, 462 Mich 751, 765-766; 614 NW2d 595 (2000) (applying harmless-error review to a court-rule violation that constitutes nonconstitutional error). Requiring defendant to submit to LEM as the Legislature mandated for defendant's CSC crimes does not amount to a miscarriage of justice and is not inconsistent with substantial justice. Finally, there is no need for a resentencing.

We affirm the corrected JOS.

/s/ Jane E. Markey
/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh

-4-